## BETHUEL BUMP *vs.* THE COMMONWEALTH.

The provision in the Rev. Sts. *c.* 139, § 8, that when the punishment of imprison ment in the state prison is awarded against a convict, he shall be sentenced to solitary imprisonment, as well as to confinement at hard labor, does not apply to additional sentences awarded, upon information, against those who have been before convicted and sentenced.

WRIT OF ERROR to reverse a judgment of the municipal court, rendered at August term 1844, on an information against the plaintiff in error. Said information set forth three convic tions of the plaintiff in error, on each of which he had been sentenced to imprisonment in the state prison for a period of more than one year. On this information, the sentence of said muni cipal court was, that said Bump be punished by confinement to hard labor, in the state prison, for the term of one year, and that this additional sentence be executed upon him from and after the expiration of the sentence under which he was then held in said prison.

The error assigned was, "that said judgment is erroneous, in that it contains no sentence to solitary imprisonment, as is prescribed by the statute."

*G. Bemis,* for the plaintiff in error. By the Rev. Sts. *c.* 139, § 8, "in every case in which the punishment of imprisonment in the state prison is awarded against any convict, the form of the sentence shall be, that he be punished by confinement at hard labor, and he shall also be sentenced to solitary imprison

45 *

ment," &c. A sentence which awards no solitary imprisonment is erroneous. *Stevens* v. *Commonwealth,* 4 Met. 370.

*Wilkinson,* (District Attorney,) for the Commonwealth. The provision cited does not apply to an additional sentence, which is a part of the former sentence, and which would have been awarded on the original conviction, if the facts had been known. The original and additional sentences are coupled as one sentence. See amendments of Rev. Sts. pp. 809 – 811. *Ross's case,* 2 Pick. 170. *Phillips's case,* 11 Pick. 33. *Plumbly's case,* 2 Met. 415. *St.* 1817, *c.* 176, § 6. Section 9 of *c.* 139 as positively enacts, that no convict shall be sentenced to less than one year's imprisonment in the state prison, as § 8 enacts that solitary imprisonment shall be awarded. Yet additional sentences of less than one year's imprisonment are often awarded, and have not been deemed erroneous.

*Bemis,* in reply. The additional sentence is a distinct and independent judgment. A writ of error lies on it, though there is no error in the former proceedings. *Riley's case,* 2 Pick. 172. *Cooke's case,* 15 Pick. 234. *Hopkins's case,* 3 Met. 460.

SHAW, C. J. The error assigned is, that in sentencing the convict in the municipal court, on information, to the additional punishment to which one is liable who has been twice before convicted and sentenced, no solitary imprisonment was awarded. It was contended that this was erroneous under the provisions of Rev. Sts. *c.* 139, § 8, and the decision in the case of *Stevens* v. *Commonwealth,* 4 Met. 370.

But the court are of opinion that that provision applies to an original sentence only, and not to a sentence for additional punishment, on information, in consequence of a former conviction. The judgment is only the completion or filling up the complete sentence, which would have been awarded, when the convict was first sentenced for such second offence, if the fact of the former conviction had been then known.

By the act of amendment of the Rev. Sts. pp. 809 – 811, when a convict is sentenced, if it shall then appear that he has before been convicted and punished, &c., his sentence for that offence shall be increased, in consequence of his former convic

tion. It is, however, but one punishment and sentence for one offence. But if it is not then known, but is discovered when he comes back to the state prison, an information may then be filed, and the additional punishment awarded. It is still, however, but one punishment for one offence. As, then, there is, in the whole sentence for that one offence, some solitary imprisonment, and the residue hard labor, the statute is satisfied, and the judgment is not erroneous.

*Judgment affirmed*